**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4253**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

LEWIS MOORE, III, a/k/a Little Lewis,

                 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (2:11-cr-00044-BO-1)

Submitted:  April 9, 2015              Decided:  April 28, 2015

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis Moore, III, pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006).  Following his guilty plea, the Supreme Court decided Dorsey v. United States, 132 S. Ct. 2321 (2012), which retroactively applied the Fair Sentencing Act's ("FSA") more lenient penalties to defendants like Moore.  Id. at 2326. The applicable statutory minimum and maximum sentences under the FSA were reflected in Moore's presentence report, and Moore was sentenced within that statutory sentencing range to 235 months' imprisonment.  On appeal, Moore argues that his guilty plea did not comply with Fed. R. Crim. P. 11 because he entered the plea believing he would be subject to the pre-FSA sentencing range rather than the FSA sentencing range.  For the reasons that follow, we affirm.

Because Moore did not move in the district court to withdraw his guilty plea or otherwise raise Rule 11 error, we review for plain error.  United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014).  In order to satisfy the plain error standard, Moore bears the burden of establishing that: "(1) there is an error, (2) the error is plain, and (3) the error affects substantial rights."  Henderson v. United States, 133 S. Ct. 1121, 1126

2

(2013); see Vonn, 535 U.S. at 59 ("We hold that a silent defendant has the burden to satisfy the plain-error rule."). In the guilty plea context, a defendant establishes that his substantial rights have been affected by "show[ing] a reasonable probability that but for the error, he would not have entered the plea." United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (internal quotation marks omitted). Even if Moore establishes these three elements, the decision to correct the error lies within our "remedial discretion," which we will exercise only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson, 133 S. Ct. at 1126-27 (alterations and internal quotation marks omitted).

It is undisputed that the first two elements of the plain error test are satisfied here, in light of the holding in Dorsey. Johnson v. United States, 520 U.S. 461, 468 (1997) ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration."). After carefully reviewing the record, we conclude that Moore has failed to demonstrate that this error affected his substantial rights. Moore made no attempt to withdraw his guilty plea after being presented with the correct sentencing range in his presentence report. Additionally, the evidence against Moore

3

was strong, and it appears unlikely that Moore would have realized any benefit by going to trial.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED